■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Bounded by Snediker Avenue and Other Streets as a Site for East New York [I] Community Development Plan (Portion of Central Brooklyn Model Cities Area) in the Borough of Brooklyn. DUPEN REALTY Co., Appellant.—In a condemnation proceeding, the claimant appeals, as limited by its brief, from so much of the first separate and partial final decree of the Supreme Court, Kings County, dated October 16, 1969, as, after a nonjury trial, awarded it compensation of $22,500. Decree affirmed insofar as appealed from, without costs. Upon the entire record the award represents just compensation. Rabin, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.

■ In the Matter of the COUNTY OF SUFFOLK, Respondent, Relative to Acquiring Title to Real Property for County Purposes Adjacent to Peconic River, in the Towns of Brookhaven and Southampton, in Suffolk County. OMNIA PROPERTIES, INC., Appellant. (And Another Title.)—In two condemnation proceedings, a claimant appeals as follows from two orders of the Supreme Court, Suffolk County, both entered September 26, 1974 (one in each proceeding): (1) as limited by its brief, from so much of the order under Index No. 198681 as awarded the claimant $30,528 for Damage Parcel 7 and $153,439 for Damage Parcel 15 A, B, C, and (2) from the order under Index No. 200747, which awarded it $178,681 for Damage Parcels 44, 45 and 47. Orders modified, on the law and the facts, by increasing the awards as follows: to $34,952 for Damage Parcel 7, $179,390 for Damage Parcel 15 A, B, C, and $208,142 for Damage Parcels 44, 45 and 47. As so modified, orders affirmed insofar as appealed from, without costs. Upon the record in these proceedings, we hold that Special Term failed to make adequate upward adjustment to the county's comparables to reflect the depressed market activity in the subject area at the time of the takings. We have, therefore, increased the awards as above stated. We also note that Special Term erred in holding, *inter alia,* that proposals to expand Grumman's Calverton facilities into the metropolitan area's fourth jet-port had inflated the values of the claimant's comparable sale parcels. The vice in that finding is that it was based upon matter dehors the record of these particular proceedings, the evidence as to the proposed Grumman expansion having been adduced at another hearing involving different claimants. Nevertheless, we find sufficient evidence in the record upon which to base a determination of value. Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.